JOHN BUTLER v. HENRY C. HOGADONE, PHEBE J. HOGADONE ET AL.

*Foreclosure—Bona fide purchase—Statute of limitations.*

A man gave a mortgage, in which his wife united, upon certain lands, which he held under a certificate of part payment from the State. He afterwards assigned his rights under this certificate to his brother, who, in turn, assigned his interest to the wife. On foreclosure the wife claimed that, as the brother had no notice of the mortgage, he was a *bona fide* purchaser and she was entitled to the same protection as he. But as it did not satisfactorily appear that actual payment had been made on the assignment, the defense was overruled.

Foreclosure of a mortgage dated in 1855 was not barred in 1878 where there was proof of payments made as late as 1866 by the mortgager as agent for his wife, who held the mortgaged interest under an assignment from a *mesne* purchaser.

Appeal from Kent.   Submitted Jan. 14.   Decided Jan. 26.

FORECLOSURE.   Defendant Phebe J. Hogadone appeals. Affirmed

*Simonds & Fletcher* for complainant.

*White & Dodge* and *White & Howell* for defendant appellant.

MARSTON, C. J.   The complainant on the 27th day of February, 1878, filed the bill of complaint set forth in the record to foreclose a mortgage dated February 21st, 1855,

given by defendants Henry C. and Phebe J. Hogadone his wife, to George Kendall, and by the latter assigned to complainant. A note of even date accompanied the mortgage. The lands described in the mortgage were known as Salt Spring lands, purchased from the State at four dollars per acre, one-quarter of which was paid in cash and a certificate issued to the purchaser Henry C. Hogadone. No patent has as yet been issued and no farther payment of the principal made.

March 2d, 1859, Henry C. Hogadone assigned all his rights under said certificate, to his brother Edwin D. The consideration recited in this certificate is $500, and on the twenty-sixth day of the same month, Edwin D. assigned his interest to Phebe J. A like consideration is recited in this assignment.

It is now claimed that Edwin D. was a *bona fide* purchaser, having no notice of said mortgage, and that Phebe J., claiming through a *bona fide* purchaser, is entitled to the same protection that would have been afforded to him. The recitals in the assignment have no tendency to show actual payment, and Henry C. and Phebe J., the only witnesses testifying upon the subject, utterly fail to show any payment made. It is true they say this consideration was paid, but how it was paid, or any of the particulars, they fail to state. We have no doubt whatever but that the whole transaction was a mere cover and sham.

It was also urged by the defendant that the cause of action was barred by the statute of limitations. A number of payments are indorsed on the note, the last dated in March, 1866, and signed by Henry C. Hogadone, the maker of the note. Besides this, proof that such payments were made was given, and that Henry C. in making them was acting under authority from his wife, so that the case was taken out of the statute, and the remedy under the mortgage not barred.

The decree of the court below must be affirmed with costs.

CAMPBELL and GRAVES, JJ. concurred.

COOLEY, J. did not sit in this case.